

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**MICHAEL PLATT,**
**Plaintiff,**

**v.**

Case No. CV25- 10659-SSS (ADS)

**UNITED STATES BUREAU OF PRISONS,**
**Defendant.**

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

## TABLE OF CONTENTS

Table of Contents

Table of Authorities

Introduction

Jurisdictional Statement

Jurisdictional Challenge Statement

Statement of Facts

Cause of Action: Negligence

Damages

Affirmative Relief Requested

Trial by Jury Demand

Summarization Section

Certification, Verification, and Validation

Signature and Date Block

1

## TABLE OF AUTHORITIES

**Statutes at Large and Acts of Congress**

Legislative Reorganization Act of 1946, ch. 753, 60 Stat. 812 (FTCA enactment)

Tucker Act, ch. 359, 24 Stat. 505 (1887)

**Supreme Court Cases**

United States v. Muniz, 374 U.S. 150 (1963)

Dalehite v. United States, 346 U.S. 15 (1953)

Sheridan v. United States, 487 U.S. 392 (1988)

Rayonier Inc. v. United States, 352 U.S. 315 (1957)

Indian Towing Co. v. United States, 350 U.S. 61 (1955)

Richards v. United States, 369 U.S. 1 (1962)

Laird v. Nelms, 406 U.S. 797 (1972)

Block v. Neal, 460 U.S. 289 (1983)

Feres v. United States, 340 U.S. 135 (1950)

Kosak v. United States, 465 U.S. 848 (1984)

Berkovitz v. United States, 486 U.S. 531 (1988)

Molzof v. United States, 502 U.S. 301 (1992)

Levin v. United States, 568 U.S. 503 (2013)

Millbrook v. United States, 569 U.S. 50 (2013)

Carlson v. Green, 446 U.S. 14 (1980)

Administrative Law

Bureau of Prisons Program Statement P6031.04

Bureau of Prisons Program Statement P4500.11

## INTRODUCTION

This Complaint arises under the Federal Tort Claims Act, enacted by the Legislative Reorganization Act of 1946, ch. 753, 60 Stat. 812, which grants jurisdiction for claims against the United States for negligent acts of federal employees. Plaintiff Michael Platt was incarcerated at FCI Lompoc Low II from March 13, 2024, until August 23, 2024. On July 29, 2024, at approximately 9:00 a.m., Plaintiff was struck by a defective glass door located in the commissary lobby, causing unconsciousness and serious head injury. The door had a long history of malfunction and was known by staff to be a recurring hazard. Plaintiff sustained a laceration, swelling, and concussion-like symptoms from the blow. Despite this, staff provided no adequate medical treatment. Under Indian Towing Co. v. United States, 350 U.S. 61 (1955), the Government must perform its duties with due care once undertaken.

The Bureau of Prisons owed Plaintiff a duty of care to provide safe living and commissary conditions during his incarceration. Officer and commissary supervisor O'Kane had actual or constructive knowledge of the defective door. Plaintiff immediately reported the injury, but no protective measures or repairs were made. Overcrowding in the commissary further compounded the risk of harm, making the event foreseeable. In Rayonier Inc. v. United States, 352 U.S. 315 (1957), the Court held the Government liable when employees negligently create danger to civilians. Plaintiff's injuries, both physical and emotional, resulted directly from this failure of duty. The negligence alleged falls squarely under FTCA liability.

Plaintiff has complied with the administrative procedures of the FTCA by filing a Standard Form 95 with the Bureau of Prisons on January 9, 2025. Damages of $50,000 U.S. Dollars were sought at the administrative level, which the agency received and has not resolved in Plaintiff's favor. Under United States v. Muniz, 374 U.S. 150 (1963), prisoners may sue under the FTCA

3

for negligence of prison officials. Plaintiff now properly invokes the jurisdiction of this Court to adjudicate liability and damages. The injuries sustained are actionable under 60 Stat. 842, § 410, which waives sovereign immunity for negligent acts of employees. Under Dalehite v. United States, 346 U.S. 15 (1953), foreseeable negligence by federal employees creates liability. Damages of $50,000 dollars are requested as lawful and just compensation.

**JURISDICTIONAL STATEMENT**

This Court has jurisdiction pursuant to the Federal Tort Claims Act, ch. 753, 60 Stat. 842, which provides original jurisdiction over personal injury claims caused by negligence of federal employees acting within the scope of their duties. The FTCA expressly waives sovereign immunity for such claims, subjecting the United States to liability in the same manner as a private party. Plaintiff filed Standard Form 95 with the Bureau of Prisons on January 9, 2025, exhausting administrative remedies. Venue is proper in the Central District of California because FCI Lompoc Low II, where the negligence occurred, is located within this district. Under the Tucker Act, ch. 359, 24 Stat. 505 (1887), suits against the United States are permissible when Congress has granted consent. This Court has exclusive jurisdiction under 60 Stat. 846, which vests such claims in the district courts. Plaintiff lawfully invokes judicial power to hear this matter.

In Richards v. United States, 369 U.S. 1 (1962), the Supreme Court held that FTCA claims apply the law of the state where the negligent act or omission occurred. Plaintiff's injury occurred in California, making California tort law relevant in determining the standard of care. The Bureau of Prisons' failure to repair a known hazard constitutes negligence under state and federal standards. In Kosak v. United States, 465 U.S. 848 (1984), the Court recognized broad liability

4

for damages caused by government negligence. Jurisdiction here is proper because the negligence alleged falls directly within the statutory waiver of immunity. This Court, therefore, has both statutory and constitutional authority over the matter. Sovereign immunity does not bar Plaintiff's claim.

Plaintiff invokes Article III judicial power as guaranteed by the United States Constitution to ensure due process and fair adjudication. The FTCA's waiver of sovereign immunity and the Tucker Act's recognition of liability for negligence provide dual statutory bases for jurisdiction. In Molzof v. United States, 502 U.S. 301 (1992), the Court reaffirmed that compensatory damages are available under the FTCA. The jurisdictional elements of exhaustion, venue, and statutory waiver are fully satisfied. Plaintiff is entitled to have his claim heard in this Court. Any attempt to deny jurisdiction would contravene statutory law and Supreme Court precedent. Jurisdiction is proper, lawful, and constitutionally mandated.

## JURISDICTIONAL CHALLENGE STATEMENT

Plaintiff challenges any attempt by Defendant to invoke discretionary function or other statutory exceptions to avoid liability. In Berkovitz v. United States, 486 U.S. 531 (1988), the Court held that the discretionary function exception does not shield negligence where government employees fail to comply with mandatory duties. The Bureau of Prisons had a mandatory duty to maintain safe premises, as reflected in Bureau of Prisons Program Statement P4500.11. The failure to repair the defective commissary door was not a discretionary policy judgment but a negligent omission. Under Rayonier Inc. v. United States, 352 U.S. 315 (1957), negligence by employees creates liability without exception. Plaintiff asserts that Defendant may not evade jurisdiction by mischaracterizing its obligations. This Court must hear the claim on its merits.

In Indian Towing Co. v. United States, 350 U.S. 61 (1955), the Court rejected arguments that immunity extended to negligent maintenance of a lighthouse, holding that once services are provided, due care is required. Similarly, once the Bureau of Prisons maintained and operated commissary facilities, it had a duty to ensure they were safe. Defendant's failure to correct the hazardous condition was operational negligence, not discretionary policymaking. In Sheridan v. United States, 487 U.S. 392 (1988), the Court confirmed liability for negligence independent of discretionary acts. Plaintiff's injuries fall within the scope of FTCA liability. Defendant cannot deny jurisdiction by recasting negligence as discretion. This Court is bound to adjudicate under Article III.

Plaintiff demands the constitutional right to a trial by jury on all issues of fact. In Carlson v. Green, 446 U.S. 14 (1980), the Court recognized remedies against the United States for failure to provide adequate care to prisoners. Plaintiff asserts this same right under the FTCA. The waiver of immunity enacted in 60 Stat. 842 cannot be undermined by discretionary function arguments inconsistent with congressional purpose. Any denial of jurisdiction would conflict with both statutory law and constitutional guarantees. Plaintiff preserves the right to an evidentiary hearing if jurisdiction is challenged. This Court is obligated to preserve due process and adjudicate Plaintiff's claim.

6

## STATEMENT OF FACTS

Plaintiff Michael Platt was incarcerated at FCI Lompoc Low II under the custody of the Bureau of Prisons between March 13, 2024, and August 23, 2024. On July 29, 2024, at approximately 9:00 a.m., Plaintiff was present in the commissary lobby of K-Unit during scheduled commissary operations. Due to overcrowding in the small lobby, Plaintiff stood near the outward-swinging glass door with a metal frame. Without warning, the defective door mechanism caused the door to spring violently shut. The door struck Plaintiff on the forehead with force, rendering him unconscious for five to ten minutes. Upon regaining partial consciousness, Plaintiff noted bleeding, swelling, and disorientation. Inmates present immediately confirmed that the defective door had long been known as hazardous.

Plaintiff reported the incident immediately to Officers Petway, Pacheco, and Vargas, who were present and observed Plaintiff's injuries. Commissary supervisor O'Kane and other staff had prior knowledge of the defective door mechanism but failed to act. Several inmates confirmed the door had nearly struck others in the past, creating a foreseeable risk of harm. Plaintiff was visibly injured with a vertical cut and lump on his forehead, and he sought medical assistance. Despite his obvious symptoms of concussion, Plaintiff was not given adequate diagnosis or treatment. Bureau staff further ignored Plaintiff's complaints of continuing dizziness and confusion. The Bureau of Prisons had constructive and actual notice of the unsafe condition but negligently failed to correct it.

The negligence in failing to maintain safe commissary facilities was a direct and proximate cause of Plaintiff's injury. Plaintiff's injuries included unconsciousness, laceration, swelling, post-concussion symptoms, and emotional distress. The overcrowding conditions compounded the danger and increased the foreseeability of harm. Under United States v. Muniz, 374 U.S. 150

7

(1963), prisoners may bring FTCA claims for negligent acts of prison officials. Under Dalehite v. United States, 346 U.S. 15 (1953), government negligence that foreseeably creates harm gives rise to liability. Plaintiff's factual allegations are fully consistent with FTCA standards and statutory duties. The United States is therefore liable for the negligence that directly caused Plaintiff's injuries.

## CAUSE OF ACTION: NEGLIGENCE

Plaintiff re-alleges and incorporates all preceding factual allegations as if fully set forth herein. The Bureau of Prisons owed Plaintiff a duty to provide reasonably safe conditions of confinement and to correct known hazards. Defendant breached this duty by failing to repair or replace the defective commissary door mechanism, despite prior knowledge of its danger. Defendant further breached the duty of care by allowing overcrowding conditions that exacerbated the hazard. Defendant compounded the harm by failing to provide proper medical treatment after Plaintiff reported concussion symptoms. In Rayonier Inc. v. United States, 352 U.S. 315 (1957), the Court held the United States liable for negligence under the same standard as private entities. Plaintiff's injuries were a foreseeable result of Defendant's breach of duty.

The elements of negligence are present: duty, breach, causation, and damages. The duty existed under the FTCA, 60 Stat. 842, § 410, which imposes liability on the United States for negligent acts of employees acting within the scope of employment. The breach occurred when Bureau staff ignored the dangerous condition and failed to correct it. Causation is direct, as Plaintiff's injuries were the natural and probable result of being struck by the defective door. Damages include physical injury, pain and suffering, emotional distress, and denial of medical care. Under Block v. Neal, 460 U.S. 289 (1983), negligence claims under the FTCA remain actionable when

8

the government fails to provide due care. Plaintiff has therefore stated a valid cause of action in negligence.

Defendant's liability is further supported by Sheridan v. United States, 487 U.S. 392 (1988), which confirms liability for negligence independent of discretionary functions. The Bureau of Prisons' duty to maintain safe premises was mandatory and non-discretionary. Defendant's failure to act upon known hazards directly caused Plaintiff's harm. Plaintiff's injuries are compensable under Molzof v. United States, 502 U.S. 301 (1992), which affirmed that damages under the FTCA are compensatory in nature. Plaintiff is entitled to compensation for medical neglect under Carlson v. Green, 446 U.S. 14 (1980), which recognized liability for failure to provide adequate care to prisoners. Defendant's negligence was continuous, as both the hazard and the denial of care persisted after the incident. Accordingly, liability under the FTCA is firmly established.

**DAMAGES**

Plaintiff suffered a head injury that rendered him unconscious, left a visible laceration, and caused concussion symptoms. Plaintiff continues to suffer from headaches, dizziness, confusion, and emotional distress. Plaintiff endured pain, humiliation, and anxiety due to the negligence of prison staff. The denial of proper medical treatment exacerbated his condition and prolonged recovery. Plaintiff has sustained both physical and psychological injuries that significantly affected his daily life. Under Levin v. United States, 568 U.S. 503 (2013), the United States may be liable for intentional or negligent medical malpractice under the FTCA. Plaintiff's damages are a direct and foreseeable consequence of Defendant's negligence.

The damages sustained include economic loss, emotional trauma, and pain and suffering. Plaintiff estimates fair compensation at $50,000, which was claimed in his Standard Form 95 filing. Under Millbrook v. United States, 569 U.S. 50 (2013), the FTCA covers all acts or omissions by law enforcement officers within the scope of their duties, including correctional staff. Plaintiff's damages are supported by medical neglect and ongoing concussion symptoms. In Kosak v. United States, 465 U.S. 848 (1984), the Court confirmed broad liability for injuries caused by government negligence. Plaintiff seeks damages consistent with precedent and statutory law. The sum demanded is fair, reasonable, and just under the circumstances.

Plaintiff further seeks costs of this action as permitted under law. In Richards v. United States, 369 U.S. 1 (1962), the Supreme Court emphasized that damages are governed by local law standards, here California tort law. Under California law, damages for pain and suffering are recoverable in negligence actions. Plaintiff's claim is consistent with both federal and state standards of liability. Plaintiff has no adequate remedy at law other than this action. Plaintiff asserts that justice requires compensation for the negligence suffered. The damages requested are necessary to make Plaintiff whole.

**AFFIRMATIVE RELIEF REQUESTED**

Plaintiff respectfully requests that this Court enter judgment against Defendant United States in the amount of $50,000. The sum represents fair compensation for Plaintiff's physical injuries, emotional distress, pain and suffering, and denial of medical treatment. Plaintiff further requests recovery of costs incurred in the prosecution of this action. In Molzof v. United States, 502 U.S. 301 (1992), the Court affirmed that compensatory damages are recoverable under the FTCA. The damages requested are consistent with statutory authority and established precedent. Plaintiff

10

requests any additional relief the Court deems just and proper under the circumstances. The relief sought is equitable, lawful, and supported by facts and law.

The Court has authority to award damages under the FTCA, 60 Stat. 842, § 410, which renders the United States liable in the same manner as a private party. In Carlson v. Green, 446 U.S. 14 (1980), the Court held that prisoners have actionable remedies for government negligence and denial of care. Plaintiff's injuries are directly traceable to the negligence of Bureau of Prisons staff. Plaintiff has no adequate administrative remedy beyond this action. Plaintiff invokes the Court's equitable powers to ensure justice is served. The requested relief includes compensation for both physical and emotional harm. Such relief is essential to vindicate Plaintiff's constitutional and statutory rights.

Plaintiff further requests that the Court declare Defendant liable under the FTCA for failing to provide safe premises and adequate medical care. Plaintiff seeks a finding that the Bureau of Prisons breached its duty of care owed to individuals under custody. In Sheridan v. United States, 487 U.S. 392 (1988), the Court confirmed liability for negligence independent of discretionary functions. This relief ensures accountability for Defendant's conduct. Plaintiff requests that the judgment include statutory costs and any additional equitable measures. The relief sought is proportionate to the injuries sustained. The requested relief will provide lawful redress under both federal law and Supreme Court precedent.

## TRIAL BY JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact as a matter of constitutional right. The Seventh Amendment secures the right to a trial by jury in civil cases where damages are sought.

11

Plaintiff asserts that factual questions regarding negligence, causation, and damages are properly determined by a jury. In Laird v. Nelms, 406 U.S. 797 (1972), the Court emphasized the importance of fact-finding under the FTCA. Plaintiff demands that all contested factual issues be resolved by an impartial jury. The right to trial by jury is independent of statutory grants and flows from constitutional principles. Plaintiff invokes this right to ensure fairness and due process.

The FTCA permits trial by jury where damages are sought for personal injury caused by negligence of federal employees. Plaintiff asserts that the facts of this case involve disputed matters of negligence and causation. The testimony of witnesses and presentation of evidence are best evaluated by a jury. Plaintiff seeks to preserve the integrity of the judicial process through jury determination. In Carlson v. Green, 446 U.S. 14 (1980), the Court affirmed remedies available to prisoners for negligent conduct. Plaintiff's claim is of the same character and requires jury adjudication. A trial by jury is necessary to preserve Plaintiff's rights.

Plaintiff demands that this trial by jury include evaluation of negligence, injury, damages, and liability. The Court must empanel a jury to determine the extent of Defendant's responsibility under the FTCA. Plaintiff's claim presents material facts that cannot be resolved without factual determination. Under Indian Towing Co. v. United States, 350 U.S. 61 (1955), the standard of care is a factual issue appropriate for jury consideration. Plaintiff invokes the constitutional guarantee of trial by jury under Article III and the Seventh Amendment. Plaintiff's demand is properly made and timely asserted. Plaintiff prays for jury resolution on all factual matters raised in this Complaint.

## SUMMARIZATION SECTION

This matter arises from negligence committed by employees of the Bureau of Prisons at FCI Lompoc Low II. On July 29, 2024, Plaintiff was struck by a defective commissary door that had long been hazardous. The injury rendered Plaintiff unconscious and left him with a laceration, swelling, and concussion symptoms. Bureau staff were aware of the hazard but failed to repair it. Plaintiff reported the injury and requested medical treatment, which was denied. The negligence was a direct and proximate cause of Plaintiff's injuries. Liability attaches to the United States under the FTCA.

The FTCA, enacted in 1946, waives sovereign immunity for negligence of federal employees acting within the scope of employment. Plaintiff complied with all administrative requirements by filing Standard Form 95 on January 9, 2025. Venue is proper in the Central District of California, where the injury occurred. Plaintiff's claim is supported by United States v. Muniz, 374 U.S. 150 (1963), and Rayonier Inc. v. United States, 352 U.S. 315 (1957). Plaintiff seeks $50,000 in damages for physical injury, pain and suffering, and emotional distress. The facts establish negligence, causation, and damages. Defendant is liable under statutory and judicial authority.

Plaintiff has requested relief in the form of damages, costs, and equitable findings of liability. Plaintiff further demands a jury trial on all contested factual matters. The law and facts demonstrate that the Bureau of Prisons failed to act with due care in maintaining commissary facilities. Plaintiff's injury was foreseeable and preventable. The negligence of Defendant is established under statutory law and Supreme Court precedent. The relief requested is just, proper, and lawful. Plaintiff's Complaint is complete, verified, and properly before this Court.

13

**CERTIFICATION, VERIFICATION, AND VALIDATION**

I, Michael Platt, hereby certify under penalty of perjury that the statements contained in this Complaint are true and correct to the best of my knowledge and belief. This Complaint is based upon personal experience, factual occurrences, and lawful authority. The factual statements contained herein accurately reflect events that occurred at FCI Lompoc Low II between March 13, 2024, and August 23, 2024. On July 29, 2024, Plaintiff sustained personal injury caused by the negligence of Bureau of Prisons employees. The allegations are supported by eyewitness testimony and direct observation. The factual basis for this claim is truthful and reliable. Certification is made in compliance with law.

This verification is executed pursuant to federal requirements for sworn pleadings. Plaintiff acknowledges that false statements may subject him to penalties under law. Plaintiff affirms that this Complaint was prepared in good faith and in reliance upon statutes and judicial precedent. The FTCA provides the legal framework for this claim. Plaintiff has properly exhausted administrative remedies and lawfully invokes judicial jurisdiction. The verification ensures the Complaint is valid and enforceable. Plaintiff affirms that all material facts are accurately presented.

This Complaint is respectfully submitted for adjudication by this Court. Plaintiff affirms that this Complaint is verified, validated, and supported by both fact and law. Under Levin v. United States, 568 U.S. 503 (2013), claims for negligence and medical malpractice are actionable under the FTCA. Plaintiff has satisfied all requirements for bringing this claim to federal court. The certification herein is made honestly, solemnly, and lawfully. Plaintiff requests adjudication in conformity with the facts and authorities presented. This verification affirms the authenticity and completeness of this Complaint.

14

## SIGNATURE AND DATE BLOCK

Respectfully Presented to the Court in lawful form. Plaintiff hereby provides his signature as a mark of authenticity. This Complaint is properly certified, verified, and validated. The document is filed in accordance with the Federal Tort Claims Act. The filing is made in compliance with statutes at large and Supreme Court authority. Plaintiff affirms his intent to prosecute this claim fully. Signature below authenticates the Complaint.

Executed this _4_ day of _November_, 2025. Plaintiff acknowledges that the filing of this Complaint invokes federal judicial power. Plaintiff affirms that this Complaint is true and correct in all material respects. Plaintiff understands his duty to proceed honestly before the Court. This Complaint is filed in pursuit of lawful redress for negligence. Plaintiff's signature binds him to the truth of all statements contained herein. This execution is made solemnly and voluntarily.

Michael Platt

_Michael Platt_

Date: _11/04/_, 2025

Plaintiff affirms this filing under the penalties of perjury. The Complaint is complete and presented for adjudication. Plaintiff respectfully demands full and fair consideration under Article III. This Complaint seeks damages of $50,000. The relief sought is just, equitable, and lawful. Certification and verification are attached herein. The Complaint stands as Plaintiff's sworn statement of fact and law.

15

## Affidavit In Support To proceed in Forma pauperis

I, Michael Platt , being duly sworn, depose and say:

1.  I am of the age of majority and of sane mind to make this affidavit in support for forma pauperis.

2.  I am the Plaintiff in this claim,  before the court.

3.  I was released from federal custody on October 1, 2025.

4.  Since my release, I have been unable to find employment and, as a result, do not have the financial means to pay the filing fee associated with my complaint.

5.  I am currently without income and unable to secure the necessary funds to cover the court fees.

6.  I respectfully request that the court waive the filing fee due to my financial hardship.

**Executed on:** November 4, 2025

Michael Platt

I declare under penalty of perjury that the foregoing is true and correct.



FROM:
MICHAEL DAVID PLATT ESTATE
750 Third Ave. Ste 1042
Chula Vista Ca 91910

NEW

TO:
United States District Court
Central District of California
Roybal Courthouse
255 EAST Temple Street
Ste. 180
Los Angeles CA. 90012-4701
Att: Clerk of the Court



# UNITED STATES POSTAL SERVICE®  |  PRIORITY® MAIL

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.